IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
ANDREW LABEAU and MARY LABEAU,)
husband and wife,            )
                             )
            Plaintiffs,      )        8:07CV142
                             )
       v.                    )
                             )
BOARD OF GOVERNORS OF THE    )    MEMORANDUM AND ORDER
COLORADO STATE UNIVERSITY    )
SYSTEM and KATHERINE ROSE    )
KERR,                        )
                             )
            Defendants.      )
_____)
```

This matter is before the Court on defendants' motion for partial summary judgment re:  damages (Filing No. 49) and plaintiffs' motion for summary judgment (Filing No. 52).  Having reviewed the parties' motions, briefs and evidentiary submissions and the applicable law, the Courts finds defendants' motion should be denied and plaintiffs' motion should be granted in part and denied in part.

## BACKGROUND

Plaintiff Mary LaBeau, a resident of Kimball County, Nebraska, was injured in an automobile collision on October 31, 2005, in Cheyenne County, Nebraska.  Defendant Katherine Kerr, a resident of Poudre County, Colorado, was the driver of the vehicle that collided with LaBeau's vehicle.  Kerr was a student at Colorado State University ("CSU") and was employed as a work-study participant in the animal science department.  At the time

of the collision, Kerr and her lab supervisor were returning to Colorado after conducting research at a feedlot in Overton, Nebraska.  Defendant CSU admits that the car driven by Kerr was owned or leased by CSU and that Kerr was acting in the course and scope of her employment with CSU at the time of the collision. The collision occurred near Potter, Nebraska, at the intersection of Highway 30 and L-17B, less than one mile north of Interstate-80.  Kerr was traveling north on L-17B and LaBeau was traveling west on Highway 30.  Defendants admit LaBeau had the right of way and that Kerr failed to stop at the stop sign at the intersection of Highway 30 and L-17B and collided with LaBeau's vehicle.

LaBeau and her husband, Andrew LaBeau, filed a complaint and amended complaint in the District Court of Kimball County, Nebraska, listing the following claims for relief: (1) negligence against all defendants; (2) negligence against CSU with respect to Kerr's use of the CSU vehicle; and (3)loss of consortium with respect to Andrew LaBeau.  LaBeau seeks damages for:  past and future medical bills, past and future lost wages, disability, physical pain and mental suffering, and loss of enjoyment of life.  Defendants removed the case to this Court on April 17, 2007.

## STANDARD OF REVIEW

Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates no

-2-

genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Philip v. Ford Motor Co.*, 328 F.3d 1020, 1023 (8th Cir. 2003). The proponent of a motion for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). The proponent need not, however, negate the opponent's claims or defenses. *Id*. at 324-25.

In response to the proponent's showing, the opponent's burden is to "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). A "genuine" issue of material fact is more than "some metaphysical doubt as to the material facts." *Id*. at 586. "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "If the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Id*. at 249-50 (citations omitted).

-3-

**DISCUSSION**

**I.   Plaintiffs' Motion for Summary Judgment**

Plaintiffs seek partial summary judgment as to all issues of liability alleged in the first claim for relief in the amended complaint (Filing No. 52).  Defendants argue plaintiffs' motion is unnecessary and a waste of judicial resources and should be dismissed as moot because defendants have already admitted liability with respect to the first claim for relief. In addition, plaintiffs move for summary judgment on defendants' affirmative defense that LaBeau failed to mitigate her damages. Defendants claim there are material issues of fact precluding summary judgment with respect to their affirmative defense of failure to mitigate damages.

Here, there is no dispute that defendants have admitted liability as to the first claim for relief in the amended complaint.  Under Fed. R. Civ. P. 56(d)(2), "[a]n interlocutory summary judgment may be rendered on liability alone, even if there is a genuine issue on the amount of damages.  Therefore, plaintiffs' motion for partial summary judgment on the issue of liability with respect to the first claim for relief in the amended complaint is granted.  Thus, the only issue remaining for trial with respect to the first claim is the amount damages, if any, to which LaBeau is entitled.

-4-

In plaintiffs' brief in support of summary judgment, plaintiffs assert that defendants have failed to provide factual evidence, specifically expert testimony, to support their affirmative defense of failure to mitigate damages.  Defendants disagree and cite to portions of the depositions of Dr. Carl Cornelius and Dr. Thomas Eastman, which defendants claim demonstrate that LaBeau failed to seek appropriate medical care and treatment following the collision.  Viewing the evidence in the light most favorable to the defendants, the Court finds there are issues of fact precluding summary judgment on defendants' affirmative defense of failure to mitigate damages.

**II.  Defendants' Motion for Partial Summary Judgment**

Next, defendants seek partial summary judgment on the issue of damages (Filing No. 49).  Defendants claim the Court should apply § 24-10-114 of the Colorado Revised Statutes, which is part of the Colorado Governmental Immunity Act, in assessing the damages plaintiffs may recover.  Colorado has waived its sovereign immunity for public entities in an action for injuries resulting from "[t]he operation of a motor vehicle, owned or leased by such public entity, by a public employee while in the course of employment . . . ."  Colo. Rev. Stat. § 24-10-106(1)(a).  However, § 24-10-114 limits the amount of recovery a plaintiff can obtain for such an injury as follows:

> The maximum amount that may be
> recovered under this article in any

-5-

> single occurrence, whether from one
> or more public entities and public
> employees, shall be: a) For any
> injury to one person in any single
> occurrence, the sum of one hundred
> fifty thousand dollars; b) For an
> injury to two or more persons in
> any single occurrence, the sum of
> six hundred thousand dollars;
> except that, in such instance, no
> person may recover in excess of one
> hundred fifty thousand dollars.

§ 24-10-114(1)(a)-(b).  Plaintiffs oppose the application of

Colorado law and argue that under Nebraska's choice of law rules,

Nebraska law should control on the issue of damages and

plaintiffs should recover their full damages.

Because this matter is before the Court on diversity

jurisdiction, the Court must apply the choice of law rules of

Nebraska.  *In re Derailment Cases*, 416 F.3d 787, 794 (8th Cir.

2005).  For choice-of-law determinations in personal injury

actions, Nebraska follows Restatement (Second) Conflict of Laws

§ 146.  *Malena v. Marriott Int'l, Inc*., 651 N.W.2d 850, 856 (Neb.

2002).  Section 146 states:

> In an action for a personal injury,
> the local law of the state where
> the injury occurred determines the
> rights and liabilities of the
> parties, unless, with respect to
> the particular issue, some other
> state has a more significant
> relationship under the principles
> stated in § 6 to the occurrence and
> the parties, in which event the
> local law of the other state will
> be applied.

-6-

*Id.* at § 146.  In addition, § 146 cmt. d states:  "in virtually all instances where the conduct and the injury occur in the same state, that state has the dominant interest in regulating that conduct and in determining whether it is tortious in character, and whether the interest affected is entitled to legal protection."

Nebraska follows Restatement (Second) Conflict of Laws § 145 to determine which state has "the most significant relationship" to a particular issue.  *Malena,* 651 N.W.2d at 857. Section 145 states:

> Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:
>
> (a)   the place where the injury occurred;
> (b)   the place where the conduct causing the injury occurred;
> (c)   the domicile, residence, nationality, place of incorporation and place of business of the parties; and
> (d)   the place where the relationship, if any, between the parties is centered.

Restatement (Second) Conflict of Laws § 145(2).  The above contacts must be balanced with the following factors enumerated in § 6:

> (a)   the needs of the interstate and international systems,
> (b)   the relevant policies of the forum,

-7-

> > (c)   the relevant policies of other
> >       interested states and the
> >       relative interests of those
> >       states in the determination of
> >       the particular issue,
> > (d)   the protection of justified
> >       expectations,
> > (e)   the basic policies underlying
> >       the particular field of law,
> > (f)   certainty, predictability and
> >       uniformity of result, and
> > (g)   ease in the determination and
> >       application of the law to be
> >       applied.

Restatement (Second) Conflict of Laws § 6(2).  "The law selected
by application of the rule of § 145 determines the measure of
damages."  Restatement (Second) Conflict of Laws § 171.

Applying these factors to the issue at bar, the Court
finds the state with the most significant relationship to this
matter is Nebraska.  First, the contacts in § 145(2) weigh in
favor of applying Nebraska law to the issues of damages.  The
collision between Kerr and LaBeau that caused LaBeau's injuries
occurred in Nebraska.  The conduct that caused LaBeau's injuries
was Kerr's negligent driving, specifically her failure to stop at
the stop sign, and this conduct occurred in Nebraska.  LaBeau and
her husband are residents of Nebraska, while Kerr and CSU are
residents of Colorado.  Other than the collision that occurred in
Nebraska, there is no other relationship between the plaintiffs
and the defendants.  Thus, the only contact with Colorado is the
defendants' domicile.

-8-

Next, the § 6(2) factors tip the balance in favor of finding Nebraska has the most significant relationship to the present matter.  This case is factually similar to *Nevada v. Hall*, 440 U.S. 410 (1979).  In *Hall,* a California resident was injured in an automobile collision in California.  *Hall,* 440 U.S. at 411.  The driver of the other vehicle was a University of Nevada employee driving a state-owned vehicle in the course and scope of his employment.  *Id.*  Defendants sought to limit their liability through application of a Nevada statute, which set a $25,000 limitation on damage awards for tort actions against the state.  *Id.* at 412-13.  The California court declined to apply the Nevada law, and the Supreme Court affirmed, finding California was not required to apply Nevada's statute because it was "obnoxious" to California's public policy of full compensation for tort victims injured in California.  *Id.* at 425. The Court stated that states are free to respect other states' limits on liability as a matter of comity, but they are not required to do so.  *Id.* at 426.

While Colorado certainly has an interest in protecting its taxpayers from excessive financial burdens for injuries occurring within its own borders, CSU had no legitimate expectation that Colo. Rev. Stat. § 24-10-114 would limit its liability for the negligent acts of its employee that occurred in

Nebraska and injured a Nebraska resident.  In fact, the Colorado

Court of Appeals cited the *Hall* decision with approval, stating:

> We approve the reasoning of the
> California court and hold that
> where the injured party is a
> citizen of this state, injured in
> this state and sues in the courts
> of this state, there is no
> immunity, by law or as a matter of
> comity, covering a sister state
> activities in this state.

*Peterson v. State of Texas*, 635 P.2d 241, 243 (Colo. App. 1981)

(citing *Nevada v. Hall*, 440 U.S. 410 (1979)).

In addition, there is no question that Nebraska has a

strong interest in enforcing traffic laws and in protecting those

who are injured on its highways by the negligent acts of

residents and nonresidents alike.  Defendants claim that applying

Colo. Rev. Stat. § 24-10-114 would not be obnoxious to Nebraska

public policy because Nebraska also limits the amount of recovery

plaintiffs can obtain in tort actions against political

subdivisions of Nebraska.  Under Nebraska's Political

Subdivisions Tort Claims Act, claims "for money on account of

. . . personal injury to . . . any person caused by any negligent

or wrongful act or omission of [an employee of a political

subdivision] while acting in the scope of his or her office or

employment" are limited to "(1) One million dollars for any

person for any number of claims arising out of a single

occurrence; and (2) five million dollars for all claims arising

out of a single occurrence." Neb. Rev. Stat. §§ 13-920 and 13-922. Clearly, Neb. Rev. Stat. § 13-922 has no application in this matter because defendant Kerr is not an employee of a Nebraska political subdivision, and even if said defendant had been an employee of a Nebraska political subdivision, Nebraska law would permit significantly higher recovery than Colo. Rev. Stat. § 24-10-114. In that sense, application of Colo. Rev. Stat. § 24-10-114 would contravene Nebraska public policy in this case.

The Court finds Nebraska has the most significant relationship to the present matter under Restatement (Second) Conflict of Laws §§ 6 and 145, and Colorado does not have sufficiently significant relationship to the present matter to overcome the presumption in § 146 that the local law of the state where the injury occurred determines the rights and liabilities of the parties. Under § 171, "[t]he law selected by application of the rule of § 145 determines the measure of damages." Therefore, defendants' motion for partial summary judgment re: damages will be denied. Accordingly,

IT IS ORDERED:

1) Defendants' motion for partial summary judgment re: damages (Filing No. 49) is denied; and

2) Plaintiffs' motion for summary judgment (Filing No. 52) is granted in part and denied in part as follows:

-11-

      a)    Plaintiffs' motion for summary judgment on all issues of liability alleged in the first claim for relief of plaintiffs' amended complaint is granted; and

      b)    Plaintiffs' motion for summary judgment on defendants' affirmative defense of failure to mitigate damages is denied.

DATED this 31st day of March, 2008.

BY THE COURT:

/s/ Lyle E. Strom

LYLE E. STROM, Senior Judge
United States District Court

-12-